## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA AYZENBERG, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 08-3361 |
| | : | |
| ANDREW MOGILYANSKY, et al., | : | |
| Defendants. | : | |

## ORDER

1.    On August 27, 2009, I received a letter and exhibits submitted *ex parte* by Defendant Andrew Mogilyansky.  Although the exhibits apparently should have been provided to Plaintiff pursuant to my August 12, 2009 Order, Defendant withheld the exhibits and asked me to review them *in camera* to confirm that they were properly withheld.  Defendant alleged that each of these documents was previously provided to an FBI Agent who purportedly "asked [Defendant] to refrain from telling anyone" the subject of their communications.  Among these documents was a March 24, 2008 e-mail from Defendant to an FBI Agent concerning Len Polichuk (Plaintiff's husband).  Defendant attached to this e-mail: (1) a "copy of the Russian Yellow Pages database," which Defendant had "promised" to provide to the FBI Agent because it would be "useful" to the FBI's "work"; and (2) an e-mail from Defendant to the Chapter 7 Trustee in Polichuk's bankruptcy proceeding, describing, *inter alia*, the alleged means by which Polichuk transferred assets to Plaintiff and others to frustrate his creditors.

2.    That same day, I ordered Defendant immediately to notify the United States Attorney's Office or FBI of his concerns.  (Doc. No. 95.)  I directed the Government to seek

1

appropriate relief no later than 5:00 p.m. on September 2, 2009. If the Government declined to

seek any such relief, I ordered Defendant to produce his August 25, 2009 letter to me, the

exhibits, and the other documents mentioned in the letter to Plaintiff no later than 12:00 p.m. on

September 3, 2009. On September 2, 2009, I received a letter from the United States Attorney in

which he: (1) acknowledged receipt of my August 28, 2009 Order; and (2) "advised that the

government does not wish to seek any relief." (Doc. No. 96.)

3.      On September 3, 2009, Defendant produced the withheld documents to Plaintiff,

but: (1) redacted all references to the "Russian Yellow Pages" in the March 24, 2008 e-mail; and

(2) withheld the "Russian Yellow Pages database" that was attached to the e-mail. On

September 4, 2009, Plaintiff filed a "Motion to Enforce Order of August 31, 2009 and Request

for Sanctions." (Doc. No. 97.) In her Motion, Plaintiff asks me to: (1) order Defendant to

produce an un-redacted copy of the March 24, 2008 e-mail, along with all its attachments; (2)

extend the length of Defendant's deposition to twelve hours; and (3) impose sanctions on

Defendant. On September 8, 2009, Defendant responded to Plaintiff's Motion and

simultaneously filed a Motion for a Protective Order. (Doc. Nos. 98, 99.)

4.      In her Complaint, Plaintiff alleges that Defendant began meritless legal

proceedings against her and her husband to "embarrass Plaintiff, put pressure on her family[,]

and bring her to the settlement table." (Doc. No. 97 at 6.) Having now learned of Mogilyansky's

communications with the FBI, Plaintiff intends to establish "that Mogilyansky supplied false

information to the FBI as part of [this] campaign against Plaintiff and her husband." (Id.) In

these circumstances, although I express no view as to whether the withheld information would be admissible at trial, I agree that it is discoverable.  See Fed. R. Civ. P. 26(b)(1) (providing for discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . [or] any matter relevant to the subject matter involved in the action"); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ("The key phrase in this definition -- 'relevant to the subject matter involved in the . . . action' -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); Smithkline Beecham Corp v. Apotex Corp., No. 99-4304, 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006) ("The information sought in discovery need not be admissible, as long as it appears reasonably calculated to lead to discovery of admissible evidence.").

5.      In response, Defendant states that the Russian Yellow Pages database and the redacted portion of the FBI e-mail are "completely unrelated to this case or any other case between Mogilyansky and Polichuk or his wife."  (Doc. No. 99 at 6.)  This conclusory assertion does not establish that this information is not relevant.  See SmithKline, 2006 WL 279073, at *2 ("The party resisting production . . . must show specifically how the information requested is not relevant or how each [request] is overly broad, burdensome or oppressive."); Harner v. Greyhound Lines, Inc., No. 02-88, 2003 WL 147774, at *2 (E.D. Pa. Jan. 10, 2003) ("The party resisting discovery bears the burden of showing that the requested information is not discoverable".).  Indeed, in both his Motion and his *ex parte* submission to the Court, Defendant

has not identified any purpose for sending this database to the FBI that is unrelated to his attempts to induce the FBI to investigate Polichuk.  Accordingly, I will not order this information withheld from Plaintiff on relevancy grounds.

6.      Defendant next alleges that information concerning the "Russian Yellow Pages" -- a business which is apparently owned by Defendant's wife, Oksana Mogilyansky -- could "only be used by Len Polichuk, believed to be the real Plaintiff in this case, to financially pressure Mogilyansky into dropping his claims against Polichuk."  (Doc. No. 99 at 10.)  Defendant has also submitted an affidavit from Ms. Mogilyansky in which she states that her "business could easily [be] destroyed if this information were to fall into the hands of" Plaintiff or her husband, who have "personal animosity to [her] husband."  (Doc. No. 99, Ex. B at 3.)  Aside from these vague and conclusory allegations, Defendant has articulated no "good cause" for my ordering the withholding of this information.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) (a showing of "good cause" is a threshold requirement for the protection of discovery materials); see also Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity."); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not support a showing of good cause).  Moreover, aside from Defendant's conclusory statements that this database contains "trade secrets" and "confidential business information," he has made no attempt to describe or

otherwise identify the nature of the "Russian Yellow Pages" business or the information contained in the database.  See Pansy, 23 F.3d at 786-87 ("The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.").

7.     Defendant finally states that: (1) an "Attorney[']s Eyes Only order" for the production of this information "is objectionable . . . for reasons that can only be explained *in camera*"; and (2) "[t]here is also one additional fact concerning [the Russian Yellow Pages] that is relevant but which counsel is only authorized to provide to the Court '*in camera*.'"  (Doc. No. 99 at 7, 15.)  Defendant has already failed to articulate a lawful basis for withholding these documents in his *ex parte* submission to the Court.  I will not permit Defendant to engage further in *ex parte* communications regarding these documents.  See In re Sch. Asbestos Litig., 977 F.2d 764, 789 (3d Cir. 1992) ("For obvious reasons of adversarial fairness, *ex parte* communications between judge and litigant are strongly disfavored.").

8.     In these circumstances, I am compelled to: (1) deny Defendant's Motion for a Protective Order; and (2) grant Plaintiff's Motion to Enforce my August 28, 2009 Order.

9.     Plaintiff further requests that I extend the length of Defendant's deposition to twelve hours. Plaintiff deposed Defendant on August 31, 2009 from 11:00 a.m. to 5:00 p.m. According to Defendant, Plaintiff used "four to five of her hours" on August 31st, and thus "has two or three . . . hours" left.  Doc. No. 98 at 12; see Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.").  Plaintiff has not

explained why she requires seven to eight additional hours to depose Defendant.  In light of my

order that Defendant produce the un-redacted FBI e-mail and its attachments, however, I will

allow Plaintiff to depose Defendant for a total of eight hours.  Should Plaintiff require additional

time "fairly [to] examine" Defendant, she may seek appropriate relief.  Id. ("The court must

allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if

the deponent, another person, or any other circumstance impedes or delays the examination.").

10.      Finally, Plaintiff requests an award of counsel fees and costs for Mogilyansky's

failure to comply with my August 28, 2009 Order.  In these circumstances, I believe that an

award of fees would be unjust.  See Fed. R. Civ. P. 37(b)(2)(C).  Accordingly, I will deny

Plaintiff's request for sanctions.

AND NOW, this 14th day of September, 2009, it is **ORDERED as follows**:

1.      Defendant's "Motion for a Protective Order Pursuant to Fed. R. [Civ.] P. 26(c)
and Motion to Modify this Court's Order of August 28, 2009" (Doc. No. 99) is
**DENIED**.

2.      Plaintiff's "Motion to Enforce Order of August 31, 2009 and Request for
Sanctions" (Doc. No. 97) is **GRANTED in part** as follows:

a.      Defendant shall produce: (1) his August 25, 2009 letter to me; (2) his un-
redacted March 24, 2008 e-mail to the FBI; and (3) all attachments to that
e-mail no later than **12:00 p.m. on September 16, 2009.**

b.      Plaintiff may depose Defendant for a total of eight hours.  Fed. R. Civ. P.

30(d)(1).

c.      Plaintiff's Motion is otherwise **DENIED.**

AND IT IS SO ORDERED.

*/s/ Paul S. Diamond*

**Paul S. Diamond, J.**

7